UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Border State Bank, N.A.,

       Plaintiff,

v.                                                                           Civil No. 06-2611 (JNE/RLE)
                                                                     ORDER

AgCountry Farm Credit Services, FLCA, and
AgCountry Farm Credit Services, PCA,

       Defendants.

On August 10, 2007, the Court dismissed Plaintiff Border State Bank, N.A.'s Amended Complaint with prejudice. Border State Bank appealed, and the Eighth Circuit affirmed. *Border State Bank, N.A. v. AgCountry Farm Credit Servs., FLCA*, 535 F.3d 779 (8th Cir. 2008). Defendants AgCountry Farm Credit Services, FLCA, and AgCountry Farm Credit Services, PCA, then filed a Bill of Costs. Defendants claimed $350 for fees of the Clerk and $1,306.50 for fees of a court reporter. The Clerk of Court denied the former because Defendants had not incurred the $350 filing fee. The Clerk of Court denied the latter because Defendants had not provided sufficient documentation or explanation as to whether the costs were incurred by Defendants and, if so, whether the costs were necessarily incurred in the case. Defendants now move to modify the Clerk of Court's ruling on their Bill of Costs. *See* Fed. R. Civ. P. 54(d). Border State Bank has not responded. For the reasons set forth below, the Court denies Defendants' motion.

As to the claim for fees of the Clerk, Defendants admit that the Clerk of Court correctly denied the request. Defendants explain that they "mistakenly included" filing fees in their Bill of Costs.

As to their failure to document the requested fees of the court reporter, Defendants claim that they thoroughly reviewed the Federal Rules of Civil Procedure and the Local Rules of this District and that they discovered no requirement to submit supporting documentation. Defendants also assert that they were not aware of the guidelines regarding taxation of costs set forth on this District's website. In support of their motion, Defendants submit a court reporter's invoice and documentation of their payment of the same to document the requested fees. Defendants state that the claimed fees "related to the deposition" of Border State Bank's president and that they extensively cited that deposition in the briefing of the cross-motions for summary judgment.

Defendants' explanation of their failure to submit documentation in support of their Bill of Costs is not persuasive. The Bill of Costs plainly notified Defendants of the need to document all claimed costs. On the Bill of Costs, between the total requested and a declaration of veracity, both of which Defendants completed, the following statement appears:

> SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

Defendants made no attempt to comply with this requirement, and Defendants have not adequately explained their failure to do so. Under these circumstances, the Court declines to consider Defendants' belated documentation of their costs. *Cf. Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 n.7 (8th Cir. 2006) (stating that district court was "well within its discretion to strike" untimely supplementation of bill of costs); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000) ("[E]ven though district courts have the power to expand the record in Rule 54(d)(1) cases, they retain the discretion not to do so."). In the absence of any documentation to support their requested costs, the Court denies Defendants' motion. *See*

2

*Marmo*, 457 F.3d at 763 (stating district court did not abuse its discretion in declining to award transportation costs due to insufficient explanation).

Were the Court to consider the invoice and documentation of Defendants' payment of the same, the Court would reach the same conclusion.  A court may tax as costs fees for transcripts or copies necessarily obtained for use in the case.  28 U.S.C. § 1920 (2006) (amended 2008).  In this case, the invoice, under the heading "Description," includes: (1) "[o]riginal & copy of the deposition transcript, including word indexing," of Border State Bank's representative; (2) the court reporter's fee for appearing at the deposition of Border State Bank's representative; (3) "[c]opy of deposition transcript, including word indexing," of Defendants' representative; and (4) postage in the amount of $16.  With the exception of postage, no information about the amounts of particular items appears.

As noted above, Defendants explained that the requested fees "related to the deposition" of Border State Bank's president.  The invoice, however, is not so limited.  It includes a copy of a transcript of the deposition of Defendants' representative.  Defendants have not attempted to explain how that copy was necessarily obtained for use in this case.  Nor have Defendants attempted to explain how the copy of the transcript of the deposition of Border State Bank's representative was necessarily obtained for use in this case.  In the absence of any explanation to support an award of those costs, the Court denies Defendants' request for them.  *See Marmo*, 457 F.3d at 763.  In addition, costs to deliver depositions are not taxable.  *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006).  Thus, Defendants cannot recover the requested postage costs.

The remaining costs that Defendants could potentially recover are the court reporter's fee for appearing at the deposition of Border State Bank's representative and an original transcript of

3

that deposition.  As noted above, no information about the amounts of those costs appears in the record.  The Court declines to speculate as to the amount associated with Defendants' request for fees "related to the deposition" of Border State Bank's president.  Accordingly, the Court denies Defendants' motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' motion to modify the Clerk of Court's ruling on Defendants' Bill of Costs [Docket No. 62] is DENIED.

Dated:  February 4, 2009

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge